UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYWON D. CASON, | ) | CASE NO.: 1:23-cv-02161 |
| | ) | 1:20-cr-00465 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | (Resolves Docs. 46, 49) |
| | ) | |

This matter is before the Court upon Tywon Cason's ("Cason") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (the "Motion"). Doc. 46. The United States of America filed the *United States' Response in Opposition to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*. Doc. 49. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

I.  PROCEDURAL BACKGROUND

A federal grand jury returned an indictment charging Cason with (i) felon in possession of a firearm, in violation of in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and (ii) possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count Two). Doc. 3. Cason pled guilty as to both counts. *See* Minutes of Proceedings, docket entry dated April 8, 2021.

On September 21, 2021, the Court sentenced Cason to 96 months' imprisonment. Doc. 27. Cason filed the *Notice of Appeal* (Doc. 26) the same day. The Sixth Circuit vacated the sentence

as to Count Two and remanded the case for a corrected sentence but affirmed in all other respects. *See United States v. Cason*, No. 21-3846, 2022 U.S. App. LEXIS 27201 (6th Cir. Sep. 26, 2022). The Court then entered the *Amended Judgment* (Doc. 42) which provided for a 96-month sentence as to Count One and a 60-month sentence as to Count Two, concurrent.

Cason then filed the instant Motion, wherein he argues that he was denied effective assistance of counsel when counsel did not raise arguments regarding (i) the Court's alleged imposition of an above-maximum sentence as to Count Two, (ii) the Court's failure to reduce the offense level for acceptance of responsibility, (iii) a mental health or drug evaluation should have been ordered prior to sentencing, and (iv) the unconstitutionality of 18 U.S.C. §§ 922(g). Doc. 46.

## II.     LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Cason's claims of ineffective assistance of counsel fall in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v.*

*Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

### III. ANALYSIS

#### a. Imposition of an Above-Maximum Sentence

Cason first argues that counsel was ineffective because they failed to argue that this Court's imposition of the 96-month sentence as to Count Two was above the statutory maximum of 60 months. Doc. 46 at p. 4.

A sentence in excess of the maximum authorized by law is a cognizable claim under 28 U.S.C. § 2255. *Hill v. United States*, 368 U.S. 424, 426 (1962). Conversely, collateral review of sentences that fall within the statutory maximum is "generally declined." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). When an issue is addressed by the appellate court on direct appeal, petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996).

This claim is not cognizable for two reasons. First, the sentence as to Count Two was addressed on direct appeal, and the Court corrected the sentence accordingly. *See United States v.*

*Cason*, No. 21-3846, 2022 U.S. App. LEXIS 27201 (6th Cir. Sep. 26, 2022); Doc. 42. Therefore, the matter cannot be relitigated. *See Oliver* at 180. Further, the now 60-month sentence is within the statutory maximum and will not be reviewed. *See Peterman*, 249 F.3d at 462 (6th Cir. 2001). Accordingly, Cason has not established any resulting prejudice due to counsel's alleged errors. *See Bullard*, 937 F.3d at 661.

### b. Failure to Reduce Offense Level

Cason next argues that counsel was ineffective because they did not argue that the Court improperly rejected his acceptance of responsibility and failed to reduce his offense level accordingly. Doc. 46 at p. 5.

When an issue is addressed by the appellate court on direct appeal, petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver*, 90 F.3d at 180. Further, "the trial court's determination receives great deference because the district court is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Reed*, 788 F.3d 231, 234 (6th Cir. 2015) (citing *United States v. Walker*, 182 F.3d 485, 487 (6th Cir. 1999)) (internal quotation marks omitted).

Like Cason's first claim, his argument that counsel should have raised an issue as to the rejection of acceptance of responsibility is not cognizable because the issue has been addressed on direct appeal. The Sixth Circuit found that the Court did not err when it rejected the acceptance of responsibility reduction in light of Cason's conflicting statements and lies throughout the earlier proceedings. *See Cason*, 2022 U.S. App. LEXIS, at *5. Accordingly, Cason cannot establish resulting prejudice due to counsel's alleged errors on this issue. *See Bullard*, 937 F.3d at 661.

4

### c. Failure to Order Mental Health or Drug Evaluation

Cason next claims that counsel should have addressed the Court's alleged failure to order a mental health or drug evaluation prior to sentencing. Doc. 46 at p. 8. In support, he indicates that the Court knew of his upbringing and therefore should have considered his mental health issues during sentencing. Doc. 46 at p. 8.

A court is not required to order a competency hearing or mental evaluation if it has no evidence that defendant is incompetent to consult with his lawyer with a reasonable degree of rational understanding and understand the proceedings against him. *United States v. Manley*, 618 Fed. Appx. 276, 279 (6th Cir. 2015) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). The "district court should consider evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Manley* at 279 (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)) (internal quotation marks omitted). A failure to explain what mitigating information a mental health or drug evaluation would have provided is fatal to a § 2255 claim for ineffective assistance of counsel on this topic. *Wright v. United States*, No. 1:16-cv-01080-JDB-jay, 2020 U.S. Dist. LEXIS 24465, at *13 (W.D. Tenn. Feb. 12, 2020). If the record supports the court's conclusion that the defendant was competent to enter their plea, and petitioner now does not provide anything other than a conclusory allegation that he should have received a mental health evaluation before sentencing, there is no support for relief under § 2255. *Hunter v. United States*, No. 2:18-cv-02810-SHM-tmp, 2021 U.S. Dist. LEXIS 97797, at *19 (W.D. Tenn. May 24, 2021) (citation omitted).

Cason's claim that the Court should have ordered evaluations prior to sentencing meets the same end as those in *Wright* and *Hunter*. He provides only a conclusory allegation that the Court should have ordered mental health and drug screening and his counsel should have addressed this

5

issue, but no additional information as to how he was incompetent to understand the proceedings. A review of the record indicates Cason was competent to move forward with sentencing. According to the *Presentence Investigation Report* (Doc. 20), Cason reported attending treatment for previous mental health concerns and drug use. Doc. 20 at p. 17, ¶¶ 65–69. He did not report current issues. The Court further engaged in its standard colloquy with Cason during sentencing and confirmed he was not under the influence of drugs or alcohol and understood the charges against him. Doc. 34 at p.4, lines 5–12. Cason also made a statement during sentencing wherein there was no indication of incapacity due to mental health issues or drug use. Doc. 34 at pp. 15–17. Accordingly, the Court found that Cason was competent to enter his guilty plea and proceed during sentencing. As such, the Court does not find that Cason's conclusory allegation with respect to this issue supports relief under § 2255. Cason cannot establish resulting prejudice due to counsel's alleged errors. *See Bullard*, 937 F.3d at 661.

### d. 18 U.S.C. § 922(g) is Unconstitutional

Last, Cason argues that his conviction of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) is invalid because the section is unconstitutional. Doc. 46 at p. 9. Notably, he does not provide a basis or controlling law to support the argument.

Although Cason makes a conclusory and unsupported statement that § 922(g) is unconstitutional, the Court has construed the Motion liberally (pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972)) and assumes Cason may be relying on the Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which changed the standard for reviewing firearm regulations. There, the Supreme Court recognized that its decision did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 81. Without more, the Court assumes Cason joins other prisoners and defendants by attempting to apply the *Bruen*

6

holding in pursuit of a declaration from this Court that § 922(g) is unconstitutional. However, there is no controlling law to support Cason's facial challenge to the constitutionality of the felon-in-possession statute and the argument is misguided. *See United States v. Bluer*, No. 22-20557, 2023 U.S. Dist. LEXIS 79997, at *13 (E.D. Mich. May 8, 2023) ("[n]o court confronted with the same or similar facial challenge to the felon in possession statute . . . has found § 922(g)(1) unconstitutional and each has roundly rejected reading *Bruen* to obliterate—let alone obfuscate—the 'longstanding prohibitions on the possession of firearms by felons.") (internal quotation marks omitted) (citations omitted); *see also United States v. Lucas*, No. 5:22-cr-561, 2024 U.S. Dist. LEXIS 35789, at *5 (N.D. Ohio Mar. 1, 2024) (collecting cases). Cason has not established that § 922(g) is unconstitutional or that his sentence pursuant thereto should be vacated. Therefore, there is also no resulting prejudice due to counsel's failure to raise this issue. *See Bullard*, 937 F.3d at 661.

### IV. CONCLUSION

For the foregoing reasons, Cason's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 46) is DENIED.

**IT IS SO ORDERED.**

May 23, 2024                           */s/ John R. Adams*
DATE                                        JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE